UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**HARRIET CORBAN**                                                              **CIVIL ACTION**

**VERSUS**                                                                              **NO. 21-181-SDD-SDJ**

**ANDREW SAUL, COMMISSIONER**
**OF SOCIAL SECURITY**

## RULING AND ORDER

Before the Court are a Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (R. Doc. 17) and an Amended Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (R. Doc. 18), both filed by Plaintiff Harriet Corban. The Commissioner has not filed a response to either Motion. As Plaintiff was the prevailing party in this case, the Commissioner does not object, and the fees sought are reasonable, the Motion will be granted. Plaintiff is awarded $5,771.50 in fees pursuant to the Equal Access to Justice Act.

**I.      Background**

In this action, Plaintiff appealed the Commissioner of the Social Security Administration's denial of her application for "Social Security Disability and/or Supplemental Security Income Benefits."[1] Plaintiff filed a Memorandum in Support of Appeal on December 6, 2021.[2] The Commissioner, in response, filed an Unopposed Motion to Reverse and Remand Under Sentence Four of the Social Security Act, 42 U.S.C. § 405(g), in which he requested that the matter be remanded "to further develop the record and conduct additional administrative proceedings."[3] This Court, on March 3, 2022, issued an Order remanding the case for further administrative

---

[1] *See* R. Doc. 1 at 2, 3.
[2] R. Doc. 10.
[3] R. Doc. 11 at 1.

1

proceedings.⁴ Plaintiff then filed her Motion for Attorney Fees Pursuant to the Equal Access to Justice Act on June 1, 2022, seeking a fee award under the EAJA of $7,066.95.⁵ Shortly thereafter, on June 16, 2022, Plaintiff filed her Amended Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, which seeks a reduced fee award under the EAJA of $5,771.50.⁶ As the Commissioner has not filed an opposition or other response, the Court considers these Motions unopposed.

## II.    Law and Analysis

The EAJA provides that a court shall award attorney fees and costs to a prevailing party in a civil action brought against the United States. 28 U.S.C. § 2412. Attorney fees shall be awarded to a prevailing party "unless the court finds that the position of the United States was substantially justified or special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). There is no dispute that Plaintiff is the prevailing party and is, therefore, entitled to an award of fees and costs under the EAJA. There also is no dispute either about the number of hours for which Plaintiff is claiming compensation or the hourly rate sought.⁷

---

⁴ R. Doc. 13.
⁵ R. Doc. 17.
⁶ R. Doc. 18. The Court recognizes that Plaintiff has another Motion for Attorney Fees pursuant to a different statute still pending. *See* R. Doc. 19. That Motion is not addressed herein.
⁷ This district has consistently exceeded the $125.00 cap in cases decided since 2014. *See, e.g., Craig v. Colvin*, No. 15-583, 2016 WL 4689044, at *2 (M.D. La. Sept. 6, 2016) ("In the past few years, the Middle District of Louisiana has consistently awarded a rate of $150 per hour for attorney work, and this Court finds that an hourly rate of $150 is reasonable and consistent with the dual purpose of the EAJA."); *Crain v. Colvin*, No. 14-12, 2015 WL 7761326 at *2 (M.D. La. Dec. 2, 2015) ("conclu[ding] that $150.00 is a reasonable hourly rate to compensate the plaintiff's attorneys"); *Williams v. Comm'r of Soc. Sec.*, No. 13-10, 2015 WL 1323347, *1 (M.D. La. Mar. 24, 2015) (finding requested rate of $150.00 per hour "reasonable"). More recently, this court has held that $175.00 per hour was a reasonable fee for attorney time, which includes a cost-of-living adjustment to the statutory cap of $125.00. *See Gann v. Colvin*, No. 14-189, 2017 WL 385038, at *3 (M.D. La. Jan. 27, 2017) (finding "that an hourly rate of $175.00 satisfies the goals of the EAJA—increasing rates only to the extent necessary to ensure an adequate source of representation and not exceeding the percentage by which the market rate attorney's fees have increased since the statute was enacted in 1981"); *see also Sibley v. Kijakazi*, No. 20-759, 2022 WL 1559073, at *1 (M.D. La. May 17, 2022) (granting Plaintiff's request for attorney fees at the hourly rate of $175); *Ricks v. Comm'r of Soc. Sec.*, No. 18-1097, 2020 WL 2130989, at *1 (M.D. La. May 5, 2020) (awarding attorney fees at a rate of $175 an hour). Accordingly, the $175.00 per hour fee for attorney time sought in the Motion is reasonable.

Here, Plaintiff alleges that 32.98 attorney hours and 3.98 paralegal hours of work were performed; however, Plaintiff is seeking compensation only for the attorney hours.[8] The hourly rate being sought is $175 per hour.[9] The Court has reviewed the time/cost accounting documents submitted in support of the Motion[10] and agrees that 32.98 hours of attorney time is a reasonable amount of time and that $175 is a reasonable hourly rate.

Finally, the record includes an assignment of fees signed by Plaintiff transferring and assigning her rights and interests in any EAJA fees to her attorneys."[11] In her Motion, Plaintiff asks that any payment be made payable to her and delivered to her counsel, unless she does not owe a federal debt, in which case she requests that the fees be paid directly to Plaintiff's counsel.[12] The practice in this Circuit, however, has been to award EAJA attorney fees directly to the plaintiff.[13] In keeping with this precedent, the award of EAJA attorney fees in this case is to be made payable directly to Plaintiff and mailed to Plaintiff's counsel.

### III. Conclusion

Accordingly,

In light of Plaintiff's subsequent Amended Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, **IT IS ORDERED** that Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (R. Doc. 17) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Amended Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (R. Doc. 18) is **GRANTED**.

---

[8] R. Doc. 18-1 at 3.
[9] *Id*.
[10] R. Doc. 18-2.
[11] R. Doc. 18-3 at 1.
[12] R. Doc. 18-1 at 3.
[13] *See Jackson v. Astrue*, 705 F.3d 527, 531 n. 11 (5th Cir. 2013) (nothing that "the government pays EAJA fees directly to the litigant"); *Craig v. Colvin*, No. 15-583, 2016 WL 4689044, *3 (M.D. La. Sep. 6, 2016) (holding that under *Ratliff* award shall be made directly to the plaintiff, not her counsel).

3

**IT IS FURTHER ORDERED** that the Commissioner shall remit to Plaintiff's counsel a check made payable to "Harriet Corban" for attorney fees in the amount of $5,771.50 (32.98 hours at $175.00 per hour), pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A). The check may be mailed to Plaintiff's counsel. Full or partial remittance of the awarded fee is contingent upon a determination by the Commissioner that Plaintiff does not owe any qualifying, pre-existing debt(s) to the Government. The Commissioner will reduce the awarded attorney fees in this Order to the extent necessary to satisfy such debt(s) and forward the remainder of the award, as set forth herein.

Signed in Baton Rouge, Louisiana, on July 18, 2024.

*/s/ Scott D. Johnson*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**